IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN REPLOGLE and CHRISTINA REPLOGLE, husband and wife, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | Case No. 21-CV-329-GKF-SH |

**OPINION AND ORDER**

Before the court is defendant State Farm Fire and Casualty Company's Motion to Dismiss [Doc. 11]. For the following reason, State Farm's motion is denied.

Defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal on the ground that plaintiffs have failed to state a claim upon which relief can been granted. Defendant argues that plaintiffs' breach of contract and bad faith claims are time-barred by the express terms of plaintiffs' homeowner's policy, which sets forth a one-year limitation period for commencement of an action after the alleged date of loss.

**I. Allegations in the Complaint[1]**

Plaintiffs Justin and Christina Replogle purchased a property damage insurance policy from defendant State Farm, policy number 36-CH-S355-4. [Doc. 2-2, p. 2]. Plaintiffs allege that their property was damaged by severe wind and hail on or about March 27, 2020.[2] [*Id.*]. Plaintiffs claim actual damages "in an amount not less than $49,377.99." [*Id.*, p. 4]. Plaintiffs timely made

---

[1] Plaintiffs originally filed a Petition in the District Court in and for Tulsa County, State of Oklahoma [see Doc. 2-2]. For consistency with the Federal Rules of Civil Procedure, the court refers to the Petition as the Complaint.

[2] In their response brief, plaintiffs identify their date of loss as "on or near October 20, 2019." [Doc. 13, p. 1]. For purposes of this motion to dismiss, the court must rely upon the date of loss as pled; however, the court notes that the same result would be reached even if the loss occurred in October 2019.

a damages claim and engaged in lengthy negotiations with State Farm to resolve their claim. [*Id.*, pp. 1-3]. State Farm ultimately refused to pay their claim, asserting that they were not entitled to payment under the policy. [*Id.*, p. 4].

On July 12, 2021, plaintiffs filed this case, bringing Oklahoma state law claims for breach of contract (count 1) and bad faith (count 2) against State Farm. [*Id.*, p. 1].

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court accepts as true all factual allegations, but that tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678.

## III. Analysis

Defendant's motion asks the court to dismiss plaintiffs' complaint as untimely because it was not filed until July 12, 2021—well after the one-year limitations period set forth in the insurance policy. Plaintiffs argue, however, that the contractual limitations period was effectively tolled by Oklahoma Insurance Department (OID) Bulletin No. 2020-01. [*See* Doc. 13-1]. Bulletin No. 2020-01 was issued shortly after Governor Stitt declared a state of emergency in Oklahoma in March 2020; the bulletin directed that "[p]roperty and casualty carriers shall suspend all claims reporting deadlines for the duration of the emergency declaration and *extend all policyholder rights or benefits related to deadlines until 90 days after the state of emergency ends*." [*Id.* (emphasis

added)]. The state of emergency ended in Oklahoma on May 4, 2021. [Doc. 13-2]. This lawsuit was filed a little over two months later, well within the 90-day period proscribed by the bulletin. Defendant, however, argues that plaintiffs cannot rely on the bulletin to extend the limitations period because (1) the relevant portion of the bulletin was subsequently rescinded on June 30, 2020 and (2) it never carried the force of law. [Doc. 11].

When analyzing a statute of limitations issue, "federal court[s] sitting in diversity appl[y] state law." *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). The substantive law of the forum state also governs consideration of insurance contracts. *Cohen-Esrey Real Est. Servs., Inc. v. Twin City Fire Ins. Co.*, 636 F.3d 1300, 1302 (10th Cir. 2011). And the Tenth Circuit analyzes contractual limitations on bringing suit as an affirmative defense, analogous to a statute of limitations defense. *See, e.g., Frost v. ADT, LLC*, 947 F.3d 1261, 1266 (10th Cir. 2020) (analyzing contractual limitations period as an affirmative defense). Accordingly, the court looks to Oklahoma law governing analysis of statutes of limitations for instruction here.

In Oklahoma, "[a] statute-of-limitation issue ordinarily presents a mixed question of fact and law." *Sneed v. McDonnell Douglas*, 991 P.2d 1001, 1004 (Okla. 1999). Since a limitations bar is an affirmative defense, it is the defendant's burden to prove plaintiff's action is time-barred. *Moneypenney v. Dawson*, 141 P.3d 549, 551 (Okla. 2006). Given this, "a motion to dismiss 'raising a limitation bar *should not be granted* . . . unless the face of the petition shows beyond doubt the action is time-barred." *Barraza v. State Farm Fire & Cas. Co.*, 2021 WL 4139142, at *2 (N.D. Okla. Sept. 10, 2021) (emphasis added) (quoting *Moneypenney*, 141 P.3d at 551); *see Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) ("To be sure, on occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense. But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for

those elements. . . [¶] . . . This is one of the unusual circumstances where the burdens of pleading and persuasion are not on the same party.").

Plaintiffs were under no obligation to anticipate defendant's limitations-based affirmative defense in their petition.  *Barraza*, 2021 WL 4129142, at *2.  Accordingly, where, as here, plaintiffs' complaint pleads facts that support a timely filed action on their face [*see* Doc. 2-2], granting a motion to dismiss is not appropriate.  Federal courts in Oklahoma considering this issue in other suits involving defendant State Farm have repeatedly reached this same conclusion and denied State Farm's motions to dismiss.  *See, e.g., Barraza*, 2021 WL 4129142, at *2 (holding that since "nothing in the petition suggests 'beyond doubt'" that the action is time-barred . . . granting the motion to dismiss . . . would be inappropriate"); [Doc. 13-3 (Memorandum Opinion and Order, *Smith v. State Farm Fire & Cas. Co.*, No. 21-CV-660-RJC (W.D. Okla. July 27, 2021)]; [Doc. 13-4 (Order, *Talley v. State Farm Fire & Cas. Co.*, No. 21-CV-682-F (W.D. Okla. Aug. 9, 2021) ("Given those factual allegations [related to the OID bulletin], which are accepted as true, the court cannot conclude that it is 'apparent on the face of the complaint' that plaintiffs' action is time-barred"))].

The burden falls on defendant, after discovery and fully briefing the issues, to prove the affirmative defense that an action is untimely.  *Barraza*, 2021 WL 4129142, at *2.  Defendant has not met that burden.

WHEREFORE defendant State Farm Fire and Casualty Company's Motion to Dismiss [Doc. 11] is denied.

IT IS SO ORDERED this 21st day of December.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

4